Richardson, Ch. J.,
delivered the opinion of the court:
This case comes here by transmission under the Bowman-act from the Committee on War Claims of the House of Representatives.
The claimant in her petition in this court Aug'ust 1.5, 1888, alleges that she is a citizen of the United States, residing in-Monroe County, Tennessee, where she resided during the late war of the rebellion ; that at different times during that period the United States forces, by proper authority, took from her-quartermaster’s stores and commissary supplies of the value off $3,200 and appropriated the same to the use of the army; that said stores and supplies were the property of the petitioner and consisted of the articles specified.
It appears from the petition and. documents that Mary J. Fowler never presented a claim to the Commissioners of Claims nor to the Quartermaster-General, who had concurrent jurisdiction, as to property taken in Tennessee for the use of the army.. (R. S., second edition, secs. 300 A and *300 B.; act of 1871, ch-116.; 16 Stat. L., 524.)
The act of March 3, 1873, ch. 236, sec. 2 (17 Stat. L., 577), provides:
“ Sec. 2. That the Commissioners of Claims shall not receive any petition for the allowance of any claim or claims unless- *124 petition shall be presented to and filed with them on or before the third day of March, eighteen hundred.and seventy-three; and all claims not so presented shall be deemed to be barred forever thereafter.”
As to claims of which the Quartermaster-General and Commissary-General had jurisdiction under the act of July 4, 18G4, ch. 240 (13 Stat. L., 381), and the amendments thereto (E. S., second edition, secs. 300 A and 300 B), the act of March 3,1879, ■eh. 287, sec. 8 (Supplement to E. S., p. 481), provides as follows:
u Sec. 3.*That all claims not presented and filed under said act, and the acts amendatory thereof, prior to the first day of January, anno Domini eighteen hundred and eighty, shall be forever barred.”
The jurisdiction of this court under the Bowman act [act of March 3, 1883, ch. 116, sec. 3, 22 Stat. L., 485) is thus restricted :
“Norshall thesaid courthavejurisdiotion of any claim against the United States which is now barred by virtue of the provisions of any law of the United States.”
The Assistant Attorney-General moves to dismiss the petition because the claim, never having been presented to the Claims Commission nor to the Quartermaster-General, is barred and the court is without jurisdiction to consider it. (McLenore's Case, 21 C. Cls., 327.)
The claimant anticipated this difficulty in her case, and in her petition both to Congress and to this court she sets out the reasons why she did not present her claim under the acts.
It appears, as she alleged and from the papers returned by the quartermaster, that in 1878 the claimant’s husband, William J. Fowler, filed with the Quartermaster General a claim in his own name for payment for the identical property described in the claimant’s petition, then and there alleged to be his own property and taken from him. This claim was there prosecuted to a final decision. Both the present claimant and her husband were examined as witnesses in support of the claim, as were many other witnesses. The result was that in August, 1882, the claim was disallowed on the ground that the loyalty of the then claimant, William J. Fowler, was not proved.
The present claimant alleges in her petition that her husband and herself were wrongly advised that the property was his own and that he was the person to make application for payment, whereas she was in tact the owner in her own right.
*125 The statutes make no exceptions in favor of any claims not presented within the times prescribed and admit of no excuses, but bar all alike.
If the claim here presented by Mrs. Fowler be the same as. that presented to the Quartermaster-General by her husband, then this court has jurisdiction; otherwise not. We must consider whether or not the two petitions before the two tribunals present in fact the same issues. In these stores and supplies cases the claimant is required to prove before the Quartermaster-General, or Claims Commission, his or her ownership of the property, and the taking of the same by and for the use of the Army, and his or her loyalty.
In the petition to the quartermaster by William J. Fowler and in the petitions of Mary J. Fowler to Congress and to this court, the property, its taking ahd its use, are the same, but the ownership and the loyalty to be proved are different.
Before the Quartermaster-General the ownership alleged was that of the husband. The wife was a witness and made no. claim thereto. That raised the issue of Ms loyalty. On that issue her husband, with her knowledge and consent, under advice of counsel, rightly or wrongly, staked the claim there presented. That issue was found against the then claimant and the claim was disallowed.
Now the wife comes here and presents a claim for the value-of the same property as belonging to her in her own right. This raises a new issue, the loyalty of the wife, which, was never presented to nor considered by the Quartermaster-General.
The question of right to amend is not involved in the case here. The present claimant, with her husband, might at any time have gone to the Quartermaster-General even after the claim had been disallowed, and have moved to have the case reopened and to amend his petition by substituting her name in place of 'that of her husband as claimant. Had the Quartermaster-General allowed such an amendment and tried the issue of her loyalty, her claim would have come here as the same as that presented to him.
If it was too late for the Quartermaster-General to allow the amendment by the substitution of a new party, on account of the limitation of time for the presentation of claims before him,, it is too late for this court to take jurisdiction.
Thé motion is allowed and the case is dismissed.