Richardson, Oh. J.,
delivered the opinion of the court:
This is a claim for stores and supplies alleged to have been taken for the use of the Army during the rebellion, transmitted to the court by the Committee on War Claims of the House of Representative under the Bowman Act, February 2u, 1887.
It appears by the order of transmission that the claim is that of the “ Heirs of Robert Raiford, deceased.”
With the order the committee transmitted the original petition to Congress of “ Maggie R. Lofton, et al., heirs of Robert Raiford and Margaret B. Raiford,” alleging that they were citizens and residents of Marshall County, Miss., and when the claim accrued were residing in that county, and asking compensation for stores and supplies taken by and for the use of the Army of the United States, for which a claim had been *193 filed in the name of “ Margaret B. Raiford ” before the Quartermaster-General under the act of July 4, 1864, and rejected for want of jurisdiction.
The petition to this court is by the administrator of Margaret B. Raiford, deceased, filed May 2, 1887, and sets out a claim for stores and supplies taken from her in Marshall County, Miss., where she resided during the late war.
Two petitions are returned upon the claimant’s call by the War Department from the Quartermaster’s General Office, where they appear to have been filed in May, 1868, and rejected for want of jurisdiction, for the reason that the claims originated in Mississippi, a State declared to be in insurrection during the rebellion.
Those petitions were in the name of Margaret B. Raiford, who therein set out that she was a citizen of Shelby County, Tenn., and that the stores and supplies were taken from her in that county.
The claimant’s brief in this court on the question of loyalty proceeds upon the grounds that the property was that of Robert Raiford, husband of Margaret B. Raiford, and that it was taken from his plantation in Mississippi during his life-time.
From the evidence taken on behalf of the claimant and referred to in the brief of counsel it appears that at the breaking out of the war Robert Raiford resided with his family on a plantation in Mississippi, that he went to Memphis, Tenn., before the close of the war, and died there in about one year. He left his family in Mississippi, where his widow resided until her death after the war, and where his children still reside, and where he was himself buried. It is in evidence that he never changed his domicil.
With all the confusion and inconsistency in which the claim has been presented to the Quartermaster-General, to Congress, and to this court, we are called upon, by motion of defendants, to decide whether or not the court has jurisdiction of the cáse as one which was presented to another tribunal in season to prevent its being forever barred.
The Commissioners of Claims had jurisdiction “to receive, examine, and consider the justice and validity of such claims as shall be brought before them, of those citizens who remained loyal adherents to the cause of the Government of the United States during the war, for stores and supplies taken or furnished *194 during tlio rebellion for the use of the Army of the United States in States proclaimed as in insurrection against the United States, including the use and loss of vessels or boats while employed in the military service of the United States” (Act of March 3,1871, ch. 116, 16 Stat. L., 524). All claims not presented on or before March 3, 1873, were declared to be barred forever thereafter (Act of March 3, 1873, ch. 236, § 2,17 Stat. L., 577).
The Quartermaster-General and Commissary-General had jurisdiction “of all claims of loyal citizens in States not in rebellion, for quartermaster stores actually furnished to the Army of the United States, and receipted for by the proper officer receiving the same, or which may have been taken by such officers without giving such receipt,” and that jurisdiction was extended to the State of Tennessee and to the counties, of Virginia which became the State of West Virginia (Act of 1864, July 4, ch. 13, Stat. L., 381; Rev. Stat., second edition, §§ 300 A, 300 B; Act of 1875, February 18, ch. 80, Supplement to Rev. Stat., p. 137, par. 7). All claims not presented and filed prior to January 1, 1880, were declared to be forever barred (Act of March 3, 1879, oh. 287, § 3, Supplement to Rev. Stat., pp. 480, 481).
The petitions and other papers in the case before us leave it doubtful as to whose claim is intended to be pressed in this court.
If it be a claim accrued to Mrs. Margaret B. Raiford for stores and supplies taken in Mississippi, where she resided during the rebellion, as alleged in the petition to this court, it should have been presented to the Commissioners of Claims, and never having been so presented, it is forever barred.
It appears that Mrs. Raiford xiresented her petition to the Quartermaster-General for the same property, alleging that she resided in Shelby County, Tenn., and that the property was taken from her in that county. The Quartermaster General found that the claim originated in Mississippi, as now appears to be the fact, and her petition was dismissed for want of jurisdiction. That presentation to a tribunal without jurisdiction can not avail in this case to take the claim out of the statute bar.
If the claim intended to be presented here is that accrued to the husband, Robert Raiford, as seems to be assumed by the *195 claimant’s counsel in bis brief on the question of loyalty, in which he asks the court to pass upon the loyalty of Mr. Raiford as the person from whom the stores and supplies were taken, and as the Committee on War Claims by their reference seem to have intended, then the claim is barred, since it was never presented to either the Commissioners of Claims or the Quartermaster-General (McLemore’s Case, 21 C. Cls. R., 327; Fowler’s Case, 25 C. Cls. R., 122).
Therefore the claim here presented, whether it be that of the husband or the wife, having been forever barred by the statutes referred to, is not within the jurisdiction of this court as restricted by the Bowman Act of March 3, 1883, ch. 116, § 3 (22 Stat. L., 485).
The motion is allowed and the claim is dismissed.